UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HEATHER JOSEPHINE JANSEN,

        Plaintiff,                                    Civil Action No.:

- against -                                        **COMPLAINT**

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION, NEW YORK
CITY POLICE DEPARTMENT, NYC POLICE
COMMISSIONER EDWARD CABAN, and
NYC SANITATION COMMISSIONER
JESSICA TISCH,

        Defendants.
------------------------------------------------------------x

        Plaintiff, HEATHER JOSEPHINE JANSEN, by her attorneys, ABRAMS & KAPLAN, P.C., as and for a Verified Complaint against the Defendants, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF SANITATION, NEW YORK CITY POLICE DEPARTMENT, NYC POLICE COMMISSIONER EDWARD CABAN, and NYC SANITATION COMMISSIONER JESSICA TISCH, hereby states and alleges under the penalties of perjury and at all times hereinafter mentioned, as follows:

## NATURE OF ACTION: JURY TRIAL DEMANDED

1. This is an action seeking money damages for, *inter alia*, the Defendants' violations of Plaintiff's civil rights under the United States Constitution pursuant to 42 U.S.C. Section 1983, for depriving plaintiff of her property, to wit, a fully-equipped food truck, under color of state law and without due process of law. This complaint sets forth related state law causes of action for negligence and other conduct of these Defendants. The Complaint herein alleges that Defendants, acting under color of state law, unlawfully and unconstitutionally removed, destroyed and/or lost plaintiff's

1

food truck without any and/or sufficient notice and/or justification. Plaintiff made reasonable efforts to locate her property but representatives, employees and/or officials informed Plaintiff that they do not know where her property is.

## JURISDICTION & VENUE

2. This Honorable Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights issue). The Court has supplemental jurisdiction over Plaintiff's second and third claims, which are based on state law, under 28 U.S.C. § 1367.

3. Venue in the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. § 1391.

4. Plaintiff filed a Notice of Claim against the City of New York within 90 days of the incident alleged herein but as of the date of filing of this Complaint, the City of New York has not contacted Plaintiff. This is not a prerequisite in any event for the federal claim herein.

## PARTIES

5. Plaintiff, HEATHER JOSEPHINE JANSEN, was and is a resident of the County, City and State of New York.

6. Plaintiff was and is an entrepreneur and restaurateur well known in NYC for the food and beverages she sells/sold to the public through her businesses, including but not limited to Snack Dragon® Taco Shack.

2

7. Defendant, THE CITY OF NEW YORK, was and is a government and/or municipal entity responsible for the oversight of city agencies under its authority, including the other Defendants in this action.

8. Defendant, NEW YORK CITY DEPARTMENT OF SANITATION ("NYC SANITATION"), was and is a local government unit and/or municipal entity responsible for the oversight of trash and rubbish removal in the five boroughs of New York City.

9. Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), was and is a government unit and/or municipal entity responsible for the oversight of law enforcement and/or policing functions in the five boroughs of New York City.

10. Defendant, COMMISSIONER JESSICA TISCH ("SANITATION COMMISSIONER"), is currently the primary leader and administrator of NYC SANITATION and is the individual primarily responsible for the oversight and/or leadership of that city entity at this time.

11. Defendant, COMMISSIONER EDWARD CABAN ("NYPD COMMISSIONER"), is currently the primary leader and administrator of NYPD and is the individual responsible for oversight and/or leadership of that city entity at this time.

12. Defendants acted in concert and/or individually or separately under color of state law, with each contributing to the wrongful removal and loss of Plaintiff's property as further set forth herein.

13. From in or about 2022, Plaintiff owned an outfitted vintage 1975 Dodge Winnebago that she planned to use and operate as a food truck. Plaintiff has broad experience in the delivery of food services in modern urban settings.

3

14. Plaintiff's food truck bore VIN 43551736 and was parked on the street as further set forth herein.

15. On or about the 24th day of May, 2023, the Plaintiff's food truck was parked on the sidewalk at or on Coffey Street and Valentino Pier in Brooklyn, NY.

16. On or about that day and time, witnesses report that Plaintiff's food truck was removed by individuals employed by and/or acting under authority of one or all of the named defendants and/or their agents, employees and/or independent contractors.

17. Plaintiff was never contacted by any City agency or individual or any other entity or individual for that matter that her food truck had been scheduled to removed and/or removed and was never informed where her vehicle was or why it had been removed.

18. Eyewitnesses observed NYC SANITATION and NYPD staff, using said entities' vehicles and equipment, removing plaintiff's vehicle on the aforementioned day and time. When asked where the food truck was being taken, representatives of one of Defendants yelled out an address.

19. When, in the days, weeks and months that followed, plaintiff made reasonable and repeated efforts to find out where her food truck was, including inquiring at the address provided as set forth in paragraph 18, she was informed that no official or employee at any agency was able to provide any information.

20. Some employees and/or representatives of Defendants provided anecdotal information initially that indicated they were aware of the towing of Plaintiff's food truck, but these employees subsequently refused to offer any further assistance and could not provide plaintiff with any further information.

21. The seizure and subsequent loss and/or taking of Plaintiff's property was unreasonable.

22. The vehicle in question was a rare-model camper and it had been outfitted with one-of-a-kind artwork and various pieces of expensive kitchen and point-of-sale equipment designed to enable plaintiff to run her food-truck business.

23. There were also expensive computers and tools in the vehicle.

24. To this day, Plaintiff remains traumatized by the actions taken at her expense.

25. To this day, Plaintiff has not been able to resume her business and has lost monthly income exceeding $10,000 per month.

26. As a proximate result of Defendants' actions, Plaintiff has been deprived of her vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety and mental distress.

27. The value of the food truck with the tools and equipment was and is over $125,000.

## CAUSE OF ACTION PURSUANT TO SECTION 1983

28. Plaintiff repeats, reiterates and realleges each and every allegation in this complaint as if more fully set forth herein.

29. At all times relevant to this action, Defendants were acting under color of state law.

30. Defendants unlawfully deprived Plaintiff of her property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

31. Defendants made an unreasonable and warrantless seizure of Plaintiff's personal property in violation of the Fourth Amendment to the Constitution of the United

States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

32. At all times relevant hereto, Defendants acted pursuant to a policy or custom of each Defendant's respective agency, depriving citizens of personal property without court order and without providing an opportunity for the individual to be heard.

33. Defendants failed to adopt clear policies and failed to properly train its employees as to the proper role of employees in removal and/or retention of property.

34. Each Defendant agency's policies or customs, and each agency's failure to adopt clear policies and failure to properly train its employees, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

35. Section 1983 of the United States Code, Article 42, allows defendants to be found liable when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" to deprive an individual of her constitutional rights.

36. The taking of plaintiff's vehicle under the circumstances set forth above constitutes an unlawful and unconstitutional taking under 42 U.S.C. § 1983.

37. As the Commissioners in charge of these agencies, SANITATION COMMISSIONER and NYPD COMMISSIONER are both responsible under these statutes for violating plaintiff's rights under color of state or local law.

38. Defendants, in uniform and using City property, such as tow trucks, removed Plaintiff's property for no reason. Even if there was an articulable reason, Defendants did not remove the property properly or provide the requisite notice to Plaintiff that

would have enabled her to ascertain the whereabouts of her property and/or what plaintiff needed to do recover same.

## STATE LAW CLAIMS

39. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1-38 as if more fully set forth herein.

40. Without Plaintiff's consent, Defendants intentionally deprived Plaintiff of her rightful possession of her property.

41. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

42. The actions of Defendants as herein alleged violate state common law standards related to negligence, gross negligence, and intentional torts.

43. Defendants were grossly negligent and/or reckless in their conduct vis-à-vis Plaintiff and her property.

44. Defendants conduct was intentional and was wanton and willful and subjects Defendants to punitive damages for their wrongful conduct in an amount to be determined by the trier of fact herein.

45. As a direct and proximate result of Defendants' conduct, plaintiff has been damaged in an amount to be determined by a trier of fact.

## UNJUST ENRICHMENT

46. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs 1-44 as if more fully set forth herein.

47. The actions of Defendants constitute a taking of Plaintiff's property for their own benefit and use.

48. As a direct and proximate result of such taking Defendants have been enriched at the expense of Plaintiff in an amount to be determined by a trier of fact herein.

49. It would be unjust to allow defendants to benefit at the expense of plaintiff under the circumstances.

## JURY DEMAND

50. Plaintiff demands trial by jury of all factual issues herein.

WHEREFORE, plaintiff prays for the following relief:

A. On her first claim under Section 1983, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants, jointly and severally;

B. On her second claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, against all Defendants, jointly and severally;

C. On her third claim, a judgment for compensatory damages against all Defendants, jointly and severally;

D. A jury trial on all appropriate issues;

E. An award of punitive damages and/or attorney fees to punish defendants for their egregious wrongful conduct;

F. An award of costs and expenses against the Defendants; and

G. Any and all other relief this Court may deem appropriate.

Dated: New York, NY
January 15, 2024

*[signature]*

ABRAMS & KAPLAN, P.C.
Attorneys for Plaintiff Heather Josephine Jansen
225 West 25th Street 6F
New York, NY 10001
(917) 208-2105
davekaplannyc@aol.com

## VERIFICATION

State of New York        }
County of New York   } ss.:

Heather Josephine Jansen, being duly sworn deposes and states and follows:

1. I am over the age of 18 years.
2. I am plaintiff in this action.
3. I am fully familiar with the facts and circumstances and allegations contained herein.
4. All such statements are true to the best of my knowledge.

*Heather Josephine Jansen*
HEATHER JOSEPHINE JANSEN

Sworn to Before Me
This 15th day of January, 2024

_____
NOTARY PUBLIC

DAVID ADAM KAPLAN
NOTARY PUBLIC, STATE OF NEW YORK
No. 02KA6316981
Qualified in New York County
Commission Expires 12/22/26

10