

**THE CITY OF NEW YORK**

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Taylor Anvid**
phone: (212) 356-2196
email: tanvid@law.nyc.gov

June 20, 2024

**By ECF**
The Honorable Naomi R. Buchwald
United States District Judge
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

    Re: *Heather Josephine Jansen v. City of New York, et al.,* 1:24-cv-00347 (NRB)

Your Honor:

    I am Assistant Corporation Counsel in the Office of the Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, attorney for Defendants City of New York ("City"), New York City Department of Sanitation ("DSNY"), the New York City Police Department ("NYPD"), NYPD Police Commissioner Edward Caban and DSNY Commissioner Jessica Tisch in their official capacities, (collectively "Defendants") in the above-referenced proceeding. In accordance with Sections 2(A) and 2(B) of Your Honor's Individual Rules and Procedures for Civil Cases, Defendants write to request a premotion conference for Defendants' anticipated motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

    According to the complaint, Plaintiff Heather Jansen is the owner of a 1975 Dodge Winnebago, VIN 43551736, that she was converting for use as a food truck. Compl., ¶¶ 13-14. On or about May 24, 2023, Plaintiff asserts she left her vehicle parked at or on the sidewalk at Coffey Street and Valentino Pier in Brooklyn, NY. Compl., ¶¶ 15-16. At some point on or after that date, Plaintiff claims unnamed witnesses informed her that unidentified individuals from DSNY and/or NYPD removed her food truck from the Coffey Street sidewalk location to an unidentified address. Compl., ¶ 18. Plaintiff asserts she never received any notices from Defendants concerning the removal of her vehicle. See, Compl., ¶ 17. Plaintiff states she went to the address she was allegedly informed it was removed to, which is not identified in the Complaint, and was told that no one at any agency was able to provide information as to the whereabouts of her food truck. Compl., ¶¶ 19-20. Despite multiple searches, neither DSNY nor NYPD have any record of the food truck.

Plaintiff Lacks Standing

As an initial matter, the Complaint should be dismissed because Plaintiff lacks standing to assert her claims. To establish Article III standing, plaintiff must show she has suffered an "injury in fact" that is "fairly traceable" to the defendant's conduct and would likely be "redressed by a favorable decision." Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560 (1992); see also Uzuegbunam v. Preczewski, 141 S. Ct. 792, 797 (2021); Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016); Baur v. Veneman, 352 F.3d 625, 632 (2d Cir. 2003). The Supreme Court has made clear, however, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Here, Plaintiff asserts conclusory statements based on information from an unidentified witness that her food truck was, "removed by individuals employed by and/or acting under authority of one or all of the [Defendants]" to "an address" and Plaintiff "was informed that no official or employee at any agency was able to provide any information." Compl., ¶¶ 16, 18, and 19. Despite Plaintiff's claim she went to the unidentified "address," and spoke with an employee at that address, and "some employees and/or representatives of Defendants provided anecdotal information [] that indicated they were aware of the towing of Plaintiff's food truck," the Complaint does not provide any concrete information establishing Defendants involvement in removal of the food truck. Plaintiff does not specify if NYPD or DSNY is involved, what "address" Plaintiff was told the food truck was taken to where she later inquired with an unnamed agency and employee as to the whereabouts of the food truck. The Complaint lacks base level information as to the who, what, and where of Defendants' involvement. As such, Plaintiff has not stated enough facts to state a claim to relief that is plausible on its face and cannot establish that her injuries are fairly traceable to Defendants' actions and therefore cannot establish standing.

Plaintiffs' Due Process Claims Fail

Even if Plaintiff could establish standing, Plaintiff fails to state a due process claim. "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." Schneider v. Chandler, 2018 U.S. Dist. LEXIS 20155, *12 (E.D.N.Y. 2018) (citing Nnebe v. Daus, 644 F.3d 147, 158 (2d. Cir. 2011)). To determine whether the process given was adequate, a court must balance three factors: (1) first, the private interest affected by the government action; (2) second, the risk of an erroneous deprivation of such an interest through the procedures used, and the probable value, if any of additional or substitute procedural safeguards; and (3) third, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Plaintiff has not alleged with any factual specificity Defendants engaged in any action that deprived a plaintiff of a property right regarding Plaintiff's missing 1975 Winnebago. See generally, Compl. Even assuming a property interest is implicated, the Complaint does not allege sufficient factual specificity necessary to identify whether any City entity was involved in

depriving her of her property other than a conclusory statement. It is impossible to determine what process Plaintiff may have been due or if that process was adequate prior to any removal of a vehicle without first knowing what agency was involved in the alleged removal of the food truck or basis for doing so. Balancing the three Mathews factors, Plaintiff has clearly not stated a due process claim.

Plaintiff's State Law Claims Fail

Plaintiff's complaint additionally includes a laundry list of alleged wrongful conduct which she attributes to the Defendants. In the first instance, this court should decline to exercise supplemental jurisdiction over the state law claims. In any event, plaintiff alleges that the acts of Defendants constituted deliberate disregard for the "contractual and personal rights of Plaintiff," negligence, gross negligence, and intentional torts. See, Compl. ¶¶ 41-43. However, the Complaint fails to allege sufficient facts to sustain a cause of action with respect to any of these causes of action. Moreover, there is absolutely no evidence to support a finding that Defendants' conduct constituted any of these alleged wrongs, or to establish Plaintiffs' entitlement to any of the relief sought.[1]

Plaintiff's Unjust Enrichment Claim Fails

Under state law, the threshold inquiry in an unjust enrichment cause of action is whether the defendant was "enriched" at the plaintiff's expense. Mannino v. Passalacqua, 172 A.D.3d 1190, 1193 (2d Dept. 2019) (quoting Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182 [2011]). Generally, courts will look to see if a benefit has been conferred on the defendant under a mistake of fact or law, if the benefit still remains with the defendant, and whether the defendant's conduct was tortious or fraudulent." Paramount Film Distrib. Corp. v. State of N.Y., 30 N.Y.2d 415, 421 (1972) (citations omitted). Here, Plaintiff again fails to allege sufficient facts to support her conclusory arguments that Defendants even possess the food truck, let alone that City Defendants were "enriched" or "benefited" by its alleged possession. Thus, Plaintiff's claim for unjust enrichment against Defendants fails.

Plaintiff's Claims for Punitive Damages Must be Dismissed

Finally, Plaintiff's claims for punitive damages must be dismissed, as it is well-settled that a party cannot obtain punitive damages against a municipality. Katt v. City, 151 F. Supp. 2d 313, n. 14 (S.D.N.Y. 2001).

Respectfully submitted,

Taylor Anvid
Assistant Corporation Counsel

---

[1] To the extent Plaintiff is challenging an alleged administrative determination to take enforcement action on her vehicle, her legal challenge should have properly been brought as an Article 78 proceeding in state court.