**DAVID A. KAPLAN, ESQ.**
**Attorney-at-Law**
**225 West 25th Street, 6F**
**New York, NY 10001**
**(917) 208-2105**
davekaplannyc@aol.com

July 9, 2024

**BY ECF**
Hon. Naomi R. Buchwald
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

*Re: Jansen v. City of New York, 1:24-cv-00347 (NRB)*

Dear Hon. Judge Buchwald:

As attorney for plaintiff, Ms. Heather Jansen, I submit this letter in response to counsel for defendants' letter requesting a 12(b)(6) premotion conference. My position is that the conference is not necessary, as the complaint herein, on its face, sufficiently alleges facts in support of the causes of action asserted.

**Standing**
It is difficult to understand how counsel for defendants can state that plaintiff's complaint does not support standing. While plaintiff is limited in what she knows about what happened, plaintiff certainly has alleged enough to allow this Court, as is the relevant standard, to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Indeed, plaintiff clearly alleges, within the limitations of what she knows now (without discovery), that one or all of the defendants physically removed her food truck and that it then disappeared. She was never given notice and never provided an opportunity to be heard and, as a result, she has been deprived of a unique, identifiable and valuable asset that was and is central to her livelihood as a restaurateur. Defendants by their own conduct deprived plaintiff from knowing more about this matter than what she alleged in her complaint. Nonetheless, plaintiff alleged the basic facts required to establish standing. Clearly discovery will reveal more about what happened within the NYPD and Sanitation Departments, as all of the process that failed was under the control of defendants.

Plaintiff does in fact allege exactly which two agencies likely took her truck, as individuals from these agencies in clearly marked vehicles were seen taking plaintiff's truck and are indeed responsible for the policing and removal of vehicles that might not be permitted in the area.

## Due Process

Plaintiff has clearly stated to the best of her ability the process that was lacking here. Her vehicle was removed by one or all of the defendants and then, as indicated, not one defendant was able to tell her where her vehicle was. She was given no opportunity to retrieve the vehicle – this is the due process of which she was deprived. In vehicle removal cases, this is time and time again exactly what underlies the 1983 due process claim. The reason there is not much to allege is precisely the problem. The city agencies have caused Ms. Jansen's truck, her livelihood, to disappear and have provided no notice of the taking and no process to retrieve the vehicle. If ever there was a lack of due process this case is the model for such deprivation. There is a footnote in counsel for defendants' letter that plaintiff's remedy in this matter should have been sought through an Article 78 proceeding but there are many reasons why that route was not the most appropriate for plaintiff, including the amount of time that elapsed since the taking and the lack of an official decision by the State or state agencies to challenge – this lack of finding and decision made an Article 78 proceeding under state law a poor and futile choice, especially since the agency position is that they do not know anything about the vehicle.

## State Law Claims

Defendants' sole reason for denying the state law claims is that the underlying federal claims should be dismissed. If the federal actions are all deemed invalid, then the supplemental jurisdiction to entertain the state law causes of action would also disappear. I argue that the federal causes of action are valid and that it is entirely proper for this court to hear the state court causes of action also.

## Punitive Damages

At present, the causes of action herein support punitive damages in the event that the facts point to egregious and intentional conduct on the part of individuals who work within the state agencies or those at the top of those agencies in policy-making positions.

For all of the foregoing reasons, a conference in this matter is unnecessary. Defendants should be required to answer the allegations in the complaint. At a minimum, plaintiff should be entitled to discovery to obtain the additional facts that would make the complaint pass muster under 12(b)(6) scrutiny.

Sincerely,

David A. Kaplan, Esq.